**ORIGINAL**

WILLIAM V. O'CONNOR, ESQ.  (CA Bar No. 057924)
DARRELL M. PADGETTE, ESQ.  (CA Bar No. 199382)
KERN AND WOOLEY LLP
10900 Wilshire Boulevard, 11th Floor
Los Angeles, California  90024
Telephone: (310) 824-1777
Facsimile: (310) 824-0892

Attorneys For Defendant
PARKER HANNIFIN CORPORATION

FILED
LODGED
RECEIVED   **MAIL**

OCT 0 2 2003

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

### AT SEATTLE

| | |
|---|---|
| In re AIR CRASH DISASTER NEAR PALEMBANG, INDONESIA ON DECEMBER 19, 1997. | MDL Docket No. 1276<br><br>This Document Relates To:<br>ALL ACTIONS<br><br>**DEFENDANT PARKER HANNIFIN CORPORATION'S MOTION *IN LIMINE* RE USE OF LORRAINE BARRICK AS AN EXPERT WITNESS AND FOR AN ORDER INSTRUCTING BOEING NOT TO INTERFERE WITH PARKER HANNIFIN'S USE OF LORRAINE BARRICK AT TRIAL**<br><br>NOTE ON MOTION CALENDAR:<br>Friday, October 17, 2003<br><br>Trial Date:   October 27, 2003 |

99-MD-01276-M

Defendant Parker Hannifin Corporation ("Parker") moves the Court *in limine* for an order allowing it to call Lorraine Barrick as an expert witness to testify on its behalf at trial. Lorraine Barrick is an expert financial witness who has conducted an exhaustive analysis of the troubled financial condition of Captain Tsu, as well as other significant financial matters related to this case.

Ms. Barrick, a Seattle resident and subject to the subpoena power of the Court, was originally designated by The Boeing Company to analyze the voluminous

MOTION *IN LIMINE* RE USE OF
LORRAINE BARRICK AS AN EXPERT WITNESS
241395.1

1

**KERN AND WOOLEY LLP**
10900 WILSHIRE BOULEVARD, 11TH FL.
LOS ANGELES, CALIFORNIA 90024-6517
TELEPHONE: (310) 824-1777

KERN AND WOOLEY
LLP

1    transactions and extensive stock trading activities of Captain Tsu prior to his death, and

2    in that regard, has provided a Rule 26 Report and testified at deposition in preparation

3    to be called as a witness for trial.  In Ms. Barrick's Rule 26 Report and also at her

4    deposition, she concluded that Captain Tsu was insolvent at the time of his death and

5    that his net worth of a negative $236,000 prior to his death, was changed to a positive

6    $2.6 million upon his death.

7

8         Recognizing the partially intertwined defenses coexisting between Boeing and

9    Parker and the avoidance of cumulative testimony, Boeing and Parker explored a joint

10   use agreement regarding the sharing of each others' expert witnesses at trial.  On

11   November 4 and 6, 2002, Parker's counsel, William V. O'Connor and Boeing's counsel,

12   Joe Silvernale agreed that each party, Boeing and Parker, could use each others' expert

13   witnesses at trial and could retain the other parties' experts in the event of settlement

14   before trial. *See Declaration of William V. O'Connor* filed *concurrently herewith.*  Lorraine

15   Barrick falls under this particular agreement.

16

17        In addition to the agreement, Parker also cross-designated Lorraine Barrick to

18   testify at trial as "Parker Hannifin's Other Witnessess".  *See* parties' *Proposed Pretrial*

19   *Order, attached hereto as Exhibit "1".*

20

21        Notwithstanding the Boeing - Parker agreement for use of expert witnesses (even

22   after settlement), Parker's cross-designation of Lorraine Barrick as its own trial witness,

23   the fact that Ms. Barrick gave a Rule 26 Report in this case, the fact that she testified at

24   deposition and resides within the subpoena power of this Court, there is now an attempt

25   to prevent Parker from calling Lorraine Barrick as its witness at trial.  Legal and equitable

26   principles dictate that any such attempt must fail.

27   / / /

28

KERN AND WOOLEY LLP
MOTION *IN LIMINE* RE USE OF                                    2                     10900 WILSHIRE BOULEVARD, 11TH FL.
LORRAINE BARRICK AS AN EXPERT WITNESS                                     LOS ANGELES, CALIFORNIA 90024-6517
241395.1                                                                          TELEPHONE: (310) 824-1777

KERN AND WOOLEY
LLP

1

**I.**

2

## EXPERT WITNESS LIMITATIONS

3

## ARE IN VIOLATION OF PUBLIC POLICY

4

5   As exemplified in the opinion of the Texas Supreme Court, it is against public

6   policy as a matter of law to preclude the use of experts by non-settling defendants. Tom

7   L. Scott, Inc. v. McIlhany, 798 S.W.2d 556, 560 (Tex.1990); but see Wolt, supra, 828

8   F.Supp. at 1567.  In Tom L. Scott, Inc., the Court was concerned with the propriety of

9   redesignating "testifying" experts to "consulting" experts pursuant to a settlement

10  agreement between the plaintiffs and a co-defendant.  The Texas Supreme Court found:

11

12   "The redesignation of experts in this case was an offensive
     and unacceptable use of discovery mechanisms intended to
     defeat the salutary objectives of discovery."

13

14  Tom L. Scott, Inc., supra, 798 S.W.2d at 560.

15

16  Indeed, this principle is in accord with the ABA Model Rules of Professional

17  Conduct Rule 3.4 (2002).  Model Rule 3.4 entitled, "*Fairness to Opposing Party and*

18  *Counsel*" requires:

19

20   "A lawyer shall not:

21   (a)   unlawfully obstruct another party's access to
           evidence or unlawfully alter, destroy or conceal
22         a document or other material having potential
           evidentiary value.  A lawyer shall not counsel or
23         assist another person to do any such act;

24                           *  *  *

25   (f)   request a person other than a client to refrain
           from voluntarily giving relevant information to
26         another party unless:

27  ///

28

**KERN AND WOOLEY LLP**

MOTION *IN LIMINE* RE USE OF                3        10900 WILSHIRE BOULEVARD, 11TH FL.
LORRAINE BARRICK AS AN EXPERT WITNESS              LOS ANGELES, CALIFORNIA 90024-6517
241395.1                                              TELEPHONE: (310) 824-1777

KERN AND WOOLEY
LLP

          (1)     the person is a relative or an employee or other agent of a client; and

          (2)     the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information."

ABA Model Rules of Professional Conduct Rule 3.4 (2002).

Accordingly, expert witness limitations in a settlement agreement are a violation of public policy. Such a limitation is a direct contravention of public policy where, as here, Parker has an agreement with Boeing. Any attempt to obstruct Parker's access to Ms. Barrick also violates Rule 3.4(a) and (f) of the Model Rules of Professional Conduct.

## II.

## THE BOEING - PARKER AGREEMENT
## GUARANTEES THE USE OF MS. BARRICK

Settling defendants' expert witnesses are generally permitted to testify for remaining defendants where there is an agreement as to their shared use. See FMC Corporation v. Vendo Co., 196 F.Supp. 1023, 1047 (E.D. Cal.1996), citing Ward v. Hill, 489 S.E.2d 24 (W.Va.1997); see also Wolt v. Sherwood, 828 F.Supp. 1562, 1567 (D.C.Utah 1993), quoting Board of Education v. Zando, Martin & Milstead, Inc., 390 S.E.2d 796, 812 (W.Va.1990) ("To rely on another party's defendant's witnesses without some formal agreement as to the shared use is to invite the consequences that arose...in the present case").

/ / /

/ / /

KERN AND WOOLEY LLP

MOTION *IN LIMINE* RE USE OF
LORRAINE BARRICK AS AN EXPERT WITNESS
241395.1

4

10900 WILSHIRE BOULEVARD, 11TH FL.
LOS ANGELES, CALIFORNIA 90024-6517
TELEPHONE: (310) 824-1777

KERN AND WOOLEY
LLP

1    This comports with the policy and principle that "the public...has a right to every

2    man's evidence." <u>United States v. Bryan</u>, 339 U.S. 323, 331 (1950), *quoting* John H.

3    Wigmore, Evidence § 2192 (3rd ed.).  "Exceptions to the demand for every man's

4    evidence are not lightly created nor expansively construed, for they are in derogation of

5    the search for truth.  (footnote omitted)." <u>United States v. Nixon</u>, 418 U.S. 683, 710

6    (1974).  "The primary policy behind discovery is to seek truth so that disputes may be

7    decided by facts that are revealed rather than concealed." <u>Tom L. Scott, Ins. v. McIlhany</u>,

8    798 S.W.2d 556, 559 (Tex.1990).

9

10   In the instant matter, the Boeing - Parker agreement allows either party to call the

11   others' expert witnesses at trial, and grants each other the right to retain each others'

12   experts in the event of settlement. *Declaration of William V. O'Connor.*  Here, that is

13   exactly what happened and Parker is now entitled to rely upon the Boeing - Parker

14   agreement to call Lorraine Barrick to testify at trial.

15

16                                         III.

17   **PARKER SHOULD STILL BE ENTITLED TO CALL LORRAINE BARRICK**

18              **AT TRIAL AS A CROSS-DESIGNATED EXPERT**

19

20   Where no agreement exists as to the use of a settling defendant's witnesses,

21   district courts have resorted to various standards depending on the different procedural

22   postures and sets of circumstances.  As noted in <u>House v. Combined Insurance Co. of</u>

23   <u>America</u>, 168 F.R.D. 236, 240 (N.D.Iowa 1996), "[e]xamination of the pertinent case law,

24   of which there is surprisingly little, suggests that courts have applied three different

25   standards to the question of whether a party should have access to and be able to use

26   at trial an expert hired by [another] party."  Indeed, as late as April 2002, the court in <u>FMC</u>

27

28

**MOTION *IN LIMINE* RE USE OF**                            5
**LORRAINE BARRICK AS AN EXPERT WITNESS**
241395.1

**KERN AND WOOLEY LLP**
10900 WILSHIRE BOULEVARD, 11TH FL.
LOS ANGELES, CALIFORNIA 90024-6517
TELEPHONE: (310) 824-1777

KERN AND WOOLEY
LLP

1  Corp. v. Vendo Co., *supra*, 196 F.Supp.2d at 1043, echoed that this question was
2  "...vexing and surprisingly little explored..."

4      The three standards from least permissive to most permissive are the (1)
5  "exceptional circumstances" standard founded on Fed.R.Civ.P. 26(b)(4)(B); (2) the
6  "discretionary" or "balancing standard" involving a balancing of the interests of the party
7  and the court against the potential prejudice to the party who hired the expert; and (3) the
8  "entitlement" standard apparently founded on Fed.R.Civ.P. 35. House, *supra*, 168 F.R.D.
9  at 240; <u>see also</u> <u>FMC Corp.</u>, *supra*, 196 F.Supp.2d at 1044.

11 **A.      The Exceptional Circumstances Standard Is Not Applicable To This**
12 **        Case.**

14      The exceptional circumstances test based on Fed.R.Civ.P. 26(b)(4)(B), provides
15 that "[a] party may...discover facts known or opinions held by an expert...who is not
16 expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a
17 showing of exceptional circumstances under which it is impracticable for the party seeking
18 discovery to obtain facts or opinions on the same subject by other means".

20      However, "designation of an expert as expected to be called at trial, pursuant to
21 *Fed.R.Civ.P.* 26(b)(4)(A), even if that designation is subsequently withdrawn, takes the
22 opposing party's demand to depose and use the expert at trial out of the "exceptional
23 circumstances" category of Rule 26(b)(4)(B)". <u>House</u>, *supra*, 168 F.R.D. at 245-246; <u>but</u>
24 <u>c.f.</u> <u>FMC Corp.</u>, *supra*, 196 F.Supp.2d at 1046. As stated in <u>House</u>:

26          "...once an expert is designated, the expert is recognized as
27          presenting part of the common body of discoverable, and
            generally admissible, information and testimony available to
28          all parties."

**MOTION *IN LIMINE* RE USE OF**                                    6
**LORRAINE BARRICK AS AN EXPERT WITNESS**
241395.1

KERN AND WOOLEY LLP
10900 WILSHIRE BOULEVARD, 11TH FL.
LOS ANGELES, CALIFORNIA 90024-6517
TELEPHONE: (310) 824-1777

KERN AND WOOLEY
LLP

1  *House*, *supra*, 168 F.R.D. at 245.

2

3  Here, Lorraine Barrick not only provided a Rule 26 Report, she was in fact
4  deposed by all parties, designated by Boeing as its trial witness and cross-designated by
5  Parker as its trial witness. Under all circumstances imaginable, Ms. Barrick was expected
6  to be called if not by Boeing, then by Parker as a witness at trial. Under <u>House</u>, the
7  balancing standard is applicable in the instant matter given the Rule 26 Report and
8  subsequent Boeing - Parker designations. Moreover, unlike the circumstances presented
9  in <u>FMC Corp.</u>, and in order to specifically avoid the current situation that is attempting to
10  be perpetuated, Boeing and Parker do have an Agreement to use each others' expert
11  witnesses at trial even if the other settles. *See Declaration of William V. O'Connor.* As
12  such, the exceptional circumstances test would not be applicable to the present situation.

13

14  Parker can show exceptional circumstances to allow it to call Ms. Barrick at trial.
15  Parker justifiably relied up on its agreement with Boeing that it could call Ms. Barrick, even
16  if Boeing settles. Indeed such an agreement served not only the interest of the parties
17  to the extent of their co-existing defense theories, but it also served the Court's purpose
18  to avoid cumulative testimony. As such, with less than a month from the start of trial Ms.
19  Barrick's analysis regarding Captian Tsu's finances and other related financial matters
20  cannot be replicated by Parker's retention of new experts at this stage in the proceedings.
21  Given the voluminous amount of information regarding Captain Tsu's financial
22  transactions and stock trading, Ms. Barrick has developed a unique expertise regarding
23  those matters. Accordingly, exceptional circumstances exist to allow Parker to call Ms.
24  Barrick at trial, even aside from its agreement that allows Parker to do so, and in addition
25  to its own cross-designation of Ms. Barrick as its trial witness.

26  / / /

27  / / /

28

KERN AND WOOLEY LLP

MOTION *IN LIMINE* RE USE OF          7          10900 WILSHIRE BOULEVARD, 11TH FL.
LORRAINE BARRICK AS AN EXPERT WITNESS          LOS ANGELES, CALIFORNIA 90024-6517
241395.1          TELEPHONE: (310) 824-1777

KERN AND WOOLEY
LLP

**B.    The Balancing Standard Shows Parker Is Entitled To Call Ms. Barrick At Trial**

This approach requires the Court to weigh the interests of the party and the court against the potential prejudice to the party who hired the expert.  <u>House</u>, *supra*, 168 F.R.D. at 240; <u>see also</u> <u>FMC Corp.</u>, *supra*, 196 F.Supp.2d at 1044.

Here, Parker has a fundamental interest in calling Ms. Barrick because she will be able to present crucial evidence to the jury that demonstrates a financial incentive, and hence, the motive that Captain Tsu had to crash the mishap aircraft.  Accordingly, Parker would be deprived of a significant portion of a fundamental defense to plaintiffs' action if it is not allowed to call Ms. Barrick.  Indeed, Parker relied upon the agreement with Boeing to be able to present this testimony at trial.  Boeing suffers no prejudice in allowing Ms. Barrick to testify.  Indeed, Boeing fully expected Ms. Barrick would testify even if Boeing settled in accordance with the agreement of Boeing and Parker.

The importance of Ms. Barrick's testimony is underscored by Parker's act to cross-designate her as its own trial witness so that all parties would be prepared at trial.  *See Exhibit "A".*  This and the Boeing - Parker agreement present the exact opposite situation found in <u>FMC Corp.</u> where the court was concerned that "BNSF created the situation in which it finds itself by not cross-designating FMC's experts to give notice it intended to rely on FMC's witnesses without a formal agreement as to their shared use".  <u>FMC Corp.</u>, *supra*, 196 F.Supp.2d at 1047.  Here, there was an agreement.  In addition, Parker cross-designated Ms. Barrick giving notice to all parties.  As such, the balancing standard weighs heavily in favor of allowing Parker to call Ms. Barrick at trial.

/ / /

/ / /

**MOTION *IN LIMINE* RE USE OF LORRAINE BARRICK AS AN EXPERT WITNESS**
241395.1

8

**KERN AND WOOLEY LLP**
10900 WILSHIRE BOULEVARD, 11TH FL
LOS ANGELES, CALIFORNIA 90024-6517
TELEPHONE: (310) 824-1777

KERN AND WOOLEY
LLP

**C.     The Entitlement Standard Is Not Applicable to The Present Situation**

The entitlement standard revolves around the context of Fed.R.Civ.P. 35.   In Crowe v. Nivison, 145 F.R.D. 657 (D.Md.1993), the court held that submission to an examination by an expert "entitled" the examined party not just to a report of the examination pursuant to Fed.R.Civ.P. 35, but to a deposition of the expert for use at trial. Crowe, 145 F.R.D. 657.  The rationale for such holding being "in return for suffering an invasion of his person, the examined party is entitled to make use of such information as results from the examination." Id. at 658.

Since the parties are not dealing with a Rule 35 situation in the context of Ms. Barrick, the entitlement standard appears to be inapplicable to the present case.

**IV.**

**CONCLUSION**

For the foregoing reasons, Parker respectfully requests this Court to allow Parker to call Lorraine Barrick at trial and instruct Boeing not to interfere with Parker's use of Lorraine Barrick.

DATED: October /, 2003                           Respectfully submitted,

KERN AND WOOLEY LLP

WILLIAM V. O'CONNOR
DARRELL M. PADGETTE

Attorneys for Defendant
PARKER HANNIFIN CORPORATION

MOTION *IN LIMINE* RE USE OF
LORRAINE BARRICK AS AN EXPERT WITNESS
241395.1

9

**KERN AND WOOLEY LLP**
10900 WILSHIRE BOULEVARD, 11TH FL.
LOS ANGELES, CALIFORNIA 90024-6517
TELEPHONE: (310) 824-1777

KERN AND WOOLEY
LLP

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re AIR CRASH DISASTER NEAR PALEMBANG, INDONESIA ON DECEMBER 19, 1997 | MDL Docket No. 1276 Master File No. C99-589C PROPOSED PRETRIAL ORDER NOTE ON MOTION CALENDAR: Friday, July 25, 2003 This Document Relates To: *ALL CASES* |

## I.  JURISDICTION

Plaintiffs in this action are citizens and residents of various states other than the states of Washington and Delaware and/or Ohio and/or foreign subjects, and the amount in controversy in each case exceeds $75,000.00.  Five cases are before this Court for trial on October 27, 2003:

PROPOSED PRETRIAL ORDER (MDL Docket No. 1276; Master File No. C99-589C) - 1
[01038-3379/SL031890.022]

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone:  (206) 583-8888
Fax:  (206) 583-8500

Exhibit "1"

104.   POSBank - The Development Bank of Singapore Ltd.
       73 Bras Basah Road
       POSB Centre
       Singapore 189556

105.   Citibank
       Singapore Office
       20 McCallum Street
       #12-03 Asia Chambers
       Singapore 069046

## C.   Parker Hannifin's Other Witnesses

1.   Lorraine Barrick
     Boeing's expert financial witness. Ms. Barrick will testify consistent with her
     report and deposition. Will testify.

2.   Andrew Bonosky
     c/o The Boeing Company
     Mr. Bonosky will testify as an engineer concerning the horizontal stabilizer
     elevator. Will testify.

3.   Rex Booth
     14 Somerville Lane
     Riddells Cree, VIC
     Australia 3431
     Pilot; SilkAir procedures; cause of crash
     Mr. Booth will testify on the subjects covered in his expert report and
     deposition. Will testify.

4.   Don Boston
     c/o The Boeing Company
     Mr. Boston analyzed cockpit voice recorder data. Will testify.

5.   Leon A. Boyd
     14790 North 110th Way
     Scottsdale, AZ 85255
     480/513-3314
     Will testify consistent with expert report and deposition. Will testify.

PROPOSED PRETRIAL ORDER (MDL Docket No.
1276; Master File No. C99-589C) - 43
[01038-3379/SL031890.022]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 583-8888
Fax: (206) 583-8500